■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SORGENTE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Di Vernieri, J.), rendered July 10, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The Trial Justice's charge to the jury regarding defendant's alibi defense essentially followed the language that we have on numerous occasions held to constitute reversible error (see *People v Bauer,* 83 AD2d 869, and the cases cited therein; *People v Fludd,* 68 AD2d 409). Further, Detective Kuhn's testimony that he had been told that Edward Brennan was in jail in May, 1979, when the crime involved was committed, constituted impermissible hearsay. It was not an abuse of discretion for the trial court to deny defense counsel's motion to preclude cross-examination of defendant regarding the facts underlying defendant's prior grand larceny conviction. The defendant has the burden of proving that the prejudicial effect of the admission

of such evidence outweighs its probative value on the issue of credibility (see *People v Sandoval,* 34 NY2d 371), and such burden was not met here. Grand larceny is a "crime of calculated violence" which evinces a "demonstrated determination deliberately to further self-interest at the expense of society" (see *People v Sandoval, supra,* p 377). This, of course, is not the sole factor to be considered (see *People v Williams,* 56 NY2d 236). We note that defendant was not the only available source of testimony in support of his defense (cf. *People v Dickman,* 42 NY2d 294), and the ruling did not in fact prevent him from testifying on his own behalf. Also, the prior criminal activity was not so distant in time as to require preclusion (see *People v Mackey,* 49 NY2d 274). The fact that the defendant's prior criminal acts underlying his conviction are similar to the instant offense with which he is charged does not, without more, require their preclusion (see *People v Rahman,* 62 AD2d 968, affd 46 NY2d 882; *People v Stroman,* 83 AD2d 370). Defendant also argues that reversible error occurred when Detective Kuhn was permitted to testify, in violation of the rule announced in *People v Trowbridge* (305 NY 471), that the complainant had previously made a photographic identification of defendant. We note, however, that defense counsel's objection was sustained, the testimony stricken and the jury given curative instructions. As noted by the Court of Appeals in *People v Santiago* (52 NY2d 865, 866): "Hence, defendant's motions for a mistrial were properly denied. Moreover, if defendant was of the view that the curative instructions which were given were insufficient, he should have immediately made an application seeking further or more complete instructions. In the absence of such an application, he may not assert the inadequacy of such instructions as error on appeal." We have considered the other arguments raised by defendant and find them to be lacking in merit. Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.