■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v ANTHONY ALONGI, Respondent-Appellant.—Appeal by the People from an order of the County Court, Orange County (Hillery, J.), dated June 24, 1986, which, after a hearing, granted the defendant's motion which was, in effect, to set aside a jury verdict finding him guilty of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree and ordered a new trial, and the defendant cross-appeals from so much of that order as ordered a new trial.

Ordered that the cross appeal by the defendant is dismissed as abandoned; and it is further,

Ordered that the order is reversed, on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to the County Court, Orange County, for the imposition of sentence.

The defendant was found guilty after trial of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. The codefendant, his girlfriend, was acquitted. The jury's verdict was set aside by the trial court after a posttrial hearing in which it was revealed that a disinterested witness who had observed the events leading up to the arrest, and whose name was not disclosed to the defense until it was too late to procure him as a trial witness, would, if he had been called, have given testimony respecting how the gun and drugs were discovered that contradicted the testimony of the arresting officer.

The witness's hearing testimony also contradicted the defendant's trial testimony, but nonetheless tended to support the

defendant's claim of innocent possession in that the witness had not observed an alleged attempt by the defendant, attested to by the arresting officer, to secrete the handbag containing the contraband. Prior to the trial, in response to the defense application for the name and address of this witness, the prosecutrix had related to the court in camera her recollection of her earlier telephone interview with this witness, and the court at that time ruled that the witness's observations did not constitute *Brady* material *(see, Brady v Maryland,* 373 US 83). At the court's suggestion, however, the prosecutrix stated at that time for the record her recollection of the contents of the interview, which did not cover with any specificity the manner in which the police first observed the gun. The defense took no exception to the court's ruling and made no further application with respect to the witness until after testimony began to be developed at trial; indeed, it was not until after the trial was underway that the possible relevance of the witness's observations became evident.

The prosecution is under a constitutional duty to disclose to the defense evidence favorable to the defendant that is material to either guilt or punishment *(see, Brady v Maryland, supra; United States v Bagley,* 473 US 667, 674-675). This duty to disclose extends not only to exculpatory matter, but also material evidence which impeaches the credibility of the prosecution witness *(see, United States v Bagley,* 473 US 667, 677-678, *supra).* There is, however, "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case" *(Moore v Illinois,* 408 US 786, 795, *reh denied* 409 US 897), and "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense" *(United States v Agurs,* 427 US 97, 109-110). Rather, "[c]onstitutuional error occurs only if the evidence which was not disclosed was material in the sense that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' " *(People v Chin,* 67 NY2d 22, 33, quoting from *United States v Bagley,* 473 US 667, 682, *supra).*

We find no *Brady* violation to have occurred with respect to the defendant. The record does not indicate that, prior to trial, there was any substantial basis for the prosecution to believe that the undisclosed witness could provide material testimony favorable to the defendant *(see, United States v Agurs, supra,*

at 106; *People v Consolazio,* 40 NY2d 446, 453). Further, although the testimony of the witness could, in some respects, be seen as favorable to the defendant, we do not consider the witness's testimony to have been sufficiently material, in view of the strong evidence of guilt, to satisfy the required standard for constitutional error *(see, United States v Bagley,* 473 US 667, 682-683, *supra).* Accordingly, since the order setting aside the verdict rested on *Brady* grounds alone, it should be reversed and the verdict of guilty reinstated. We note that we do not at this time pass upon the issue of alleged prosecutorial misconduct. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.