■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE KELLY PIERRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered March 9, 1988, convicting him of grand larceny in the second degree (five counts), grand larceny in the third degree (six counts) and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by (1) reducing the defendant's conviction of grand larceny in the second degree under counts two, five, nine, twelve, and thirteen to grand larceny in the fourth degree; reducing the defendant's conviction of grand larceny in the third degree under counts three, six, eight, and ten to petit

larceny; reducing the defendant's conviction for grand larceny in the third degree under counts four and seven to grand larceny in the fourth degree, and (2) vacating the sentences imposed on those counts; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant's convictions of grand larceny and scheme to defraud arose out of the Attorney-General's investigation of his automobile lease brokerage business which specialized in negotiating credit for individuals with bad credit histories and arranging for them to lease or purchase new and used automobiles. At the trial, 11 consumers, who responded to the defendant's newspaper advertisements, testified that during 1986 they made substantial payments to the defendant and, despite the defendant's repeated assurances, they neither received a car nor had their money refunded.

On appeal, the defendant argues that the trial court committed reversible error by admitting into evidence a bank letter addressed to the court-appointed receiver of the defendant's business which indicated the balance of the defendant's business account. Although we agree with the defendant's position that the prosecution failed to lay a proper foundation for the introduction of the letter into evidence, we conclude that the error was harmless (see, People v Crimmins, 36 NY2d 230). It is well established that the mere filing of papers received from other entities which are retained in the regular course of the receiver's business does not qualify those papers as business records of the receiver (see, Standard Textile Co. v National Equip. Rental, 80 AD2d 911; Richardson, Evidence § 300, at 133 [Prince 10th ed, 1985 Supp]). Accordingly, the testimony of the court-appointed receiver indicating that the bank letter was retained in the regular course of his business as a receiver was insufficient to qualify the letter as a business record and, thus, the letter constituted inadmissible hearsay. However, in view of the fact that the balance of the defendant's business account was established by evidence independent of the bank letter as well as the fact that this evidence was peripheral to the issue of the defendant's guilt of the charged crimes, there is no reasonable possibility that the error contributed to the defendant's conviction (see, People v Crimmins, supra).

We agree with the defendant's argument that the 1986 amendments to Penal Law § 155.00 et seq., which, inter alia, increased the minimum value of the property required for the crimes of grand larceny in the first, second, third and fourth

degrees (L 1986, ch 515), should have been applied to the defendant who was sentenced after the effective date of the amendments *(see, People v Behlog,* 74 NY2d 237). Accordingly, the defendant's grand larceny convictions are modified herewith by reducing those convictions so as to comply with the provisions of the amended statute. Additionally, we agree with the defendant's argument that the sentences imposed on his larceny convictions should have been made to run concurrently with the sentences imposed on his conviction of scheme to defraud in the first degree (Penal Law § 190.65) since the acts which formed the basis of the defendant's conviction for these crimes were identical (Penal Law § 70.25 [2]). In view of the foregoing, we vacate the imposed sentences and remit the matter to the Supreme Court for resentencing in accordance herewith. In view of the fact that we are remitting this matter to the Supreme Court, Queens County, for resentencing, we do not pass upon the defendant's excessive sentence claims.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.