■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO JASON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 5, 1990, convicting him of robbery in the first degree, criminal possession of a weapon in the fourth degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested on charges stemming from three separate incidents in which three individual Asian men were approached from behind in the lobby of their respective apartment buildings, which were located very close to each other, and were threatened with a short-bladed knife, within a two-week period. The first incident was an apparent attempted robbery. The second incident was a robbery. In the third incident, the defendant was alarmed by the victim screaming and attempting to defend himself, attempted to run (as had been done in the first incident), and was caught before he could escape. In the second incident, the defendant had been described as wearing a burgundy jacket, and, in the third incident, he had been caught wearing a reversible jacket with the burgundy-colored side on the inside and beige outside. The defendant contends, *inter alia,* that the prosecutor's comments during summation, which drew the jury's attention to the similarities between the three incidents, in order to establish the defendant's identity in each, was improper, in that the incidents were not sufficiently distinctive to establish a *modus operandi.* We disagree.

In order for a pattern to be sufficiently distinctive to establish a *modus operandi,* "[i]t is not necessary that the pattern be ritualistic for it to be considered [distinctive]; it is sufficient that it be a pattern which is distinctive. This is not to say each element of the pattern must be in and of itself unusual; rather the pattern, when viewed as a whole, must be [unique]" *(People v Beam,* 57 NY2d 241, 253). Here, based on the foregoing facts, we find that the pattern was sufficiently distinctive to establish a *modus operandi,* and the prosecutor properly commented on this in his summation *(see, People v Matthews,* 175 AD2d 24, *affd* 79 NY2d 1010).

We have examined the defendant's remaining contentions and find them to be largely unpreserved for appellate review. To the extent that the contentions are preserved for appellate review, we find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.