■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SANCHEZ, Appellant. [600 NYS2d 946] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered July 3, 1990, convicting him of grand larceny in the second degree, grand larceny in the third degree (four counts), scheme to defraud in the first degree, criminal impersonation in the second degree (four counts) and fortune telling (five counts), upon a jury verdict, and sentencing him to an indeterminate term of 3 to 9 years imprisonment for grand larceny in the second degree, four indeterminate terms of 1½ to 4½ years imprisonment for grand larceny in the third degree, an indeterminate term of 1 to 3 years imprisonment for scheme to defraud in the first degree, four definite terms of one year imprisonment for criminal impersonation in the second degree, and five definite terms of 60 days imprisonment for fortune telling, with all terms of imprisonment to run consecutive to each other.

Ordered that the judgment is modified, on the law and the facts, (1) by reducing the defendant's conviction of grand larceny in the second degree under the second count of the indictment to grand larceny in the third degree, and vacating the sentence imposed thereon, (2) by reversing the defendant's convictions for grand larceny in the third degree under counts four and five of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (3) by providing that the term of imprisonment imposed for the scheme to defraud in the first degree and all definite terms of imprisonment run concurrently with the indeterminate terms of imprisonment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing for grand larceny in the third degree under the second count of the indictment.

The proof established that in the five-year period from 1984 to 1989, the defendant represented himself as a spiritual healer, generally charging people $20 per consultation. During the consultations, the defendant purported to transform himself into various spirits who would offer advice and claim that they could cure illnesses. The defendant, acting through these spirits, induced victims to lend him sums of money, sometimes in the thousands of dollars, which "loans" he never repaid. The defendant also told some of his victims that he was an agent of the Federal Bureau of Investigation, using this false claim as a further means of obtaining money from them.

The defendant claims that he was not given fair notice of

the grand larceny charges against him to enable him to prepare an adequate defense to those charges *(see, People v Grega,* 72 NY2d 489; *People v Keindl,* 68 NY2d 410; *People v Morris,* 61 NY2d 290; *People v Iannone,* 45 NY2d 589). He contends, in essence, that proper notification of the charges should not be reduced to a matter of guess work, and that a conviction on any count for which the defendant has not been given proper notification of the nature of the charge should not be countenanced. Specifically, neither the indictment, the bill of particulars, the Grand Jury minutes supplied to the defendant (which were redacted as to the victims' names), the People's opening statement, nor much of the trial, served to fully inform the defendant as to which individual complainants corresponded to the various counts of larceny. We conclude that the People's failure to so notify the defendant was so derelict as to deprive him of the ability to defend against counts four, five, and six of the indictment.

In a number of instances during the trial, the court and the defense counsel pressed the prosecutor to reveal the names of specific complainants in relation to the larceny counts of the indictment. The prosecutor stated that he was unable to comply. As the court and defense counsel continued to insist that this information must be furnished to the defense, the prosecutor stated that because he did not handle the case from the outset, he did not know which counts matched which victims, and that he was simply unable to furnish the information. Except for counts one, two, and three, this circumstance continued throughout the trial.

Counsel was unimpeded, however, in his defense relating to counts one, two, and three, all of which charged grand larceny in the second degree. Indeed, the defendant was convicted solely of the lesser offense of grand larceny in the third degree on counts one and three, and, for other reasons which follow, we have reduced the defendant's conviction on the second count from grand larceny in the second degree to grand larceny in the third degree. Notably, the defense counsel stated that he had no problem matching the appropriate complainants to the first three counts, and we therefore conclude that the defendant had fair notice of the charges against him for those counts.

The defendant was acquitted of the sixth count of the indictment, and no remedial action is necessary. However, we reverse and dismiss counts four and five owing to the lack of notice and, as to count four, on the additional ground, conceded by the People, that the time frame (1985-1987) of the

events testified to by the complainant finally identified with that count was entirely different from the time frame (1988-1989) set forth in the indictment.

Next, we agree with the defendant's contention that his conviction for grand larceny in the second degree under count two of the indictment should be reduced to grand larceny in the third degree, on the ground that the higher degree of larceny was not supported by credible evidence in the record. To convict a defendant of grand larceny in the second degree, the People must prove beyond a reasonable doubt that he stole property valued at more than $50,000 (see, Penal Law § 155.40), whereas grand larceny in the third degree requires a property value in excess of $3,000 (see, Penal Law § 155.35). Since the complainant under this count produced documentation for $20,000 in checks made out to third persons, purportedly on the defendant's behalf, but supplied no specifics or proof as to her cash and credit card withdrawals that allegedly made up the remainder of the $50,000 threshold for the higher crime, the defendant's conviction thereon cannot be sustained. Although the complainant purchased a Mercury Sable automobile valued at $25,000 at the defendant's behest and allowed him to use it exclusively for one year, there is no evidence that the defendant at any time intended to "[d]eprive" the complainant of the car or to "[a]ppropriate" it to his own use (Penal Law § 155.00 [3], [4]). Thus, no more than a reasonable value for one year's use of the car could properly be included in the amount stolen from that complainant.

The defendant's argument that he should have received concurrent sentences for the scheme to defraud, and for the individual larcenies comprising the scheme, is well taken (see, Penal Law § 70.25 [2]; see also, People v Pierre, 157 AD2d 750, 752). We also note that the definite terms of imprisonment must run concurrently to the indefinite terms of imprisonment (see, Penal Law § 70.35).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.