■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MESSINA, Appellant. [601 NYS2d 143] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 20, 1990, convicting him of burglary in the first degree, assault in the first degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court properly excluded on hearsay grounds testimony by the defendant's employer that the defendant would receive telephone calls at work from "Joan and his wife". The witness admitted that the only basis he had for concluding that one of the callers was "Joan" was the fact that the person had identified herself by that name. This testimony was being offered to prove that the caller was in fact named Joan, and by implication, to prove that the complainant, whose name was Joan, knew the defendant. As such, it amounted to an out-of-court statement offered for the truth of the fact it asserted *(see,* Richardson, Evidence § 206 [Prince 10th ed]), and fell within no recognized exception to the hearsay rule.

The defendant claims that his rights were violated when the court failed to read back certain testimony in response to a jury request. However, this claim rests upon matters not contained in the record, and is therefore not properly before this Court on a direct appeal from the judgment of conviction *(see, People v Brown,* 192 AD2d 666).

During cross-examination, the complainant offhandedly remarked that, following his apprehension by the complainant's husband, the defendant expressed regret that his own wife would now discover that he was "in trouble again". Since this

statement was fully compatible with the defendant's own version of the case, that he and the complainant were caught in the act of adultery by the complainant's husband, it cannot be deemed to have had the impact upon the jury ascribed to it by the defendant *(see, People v Gibbs,* 59 NY2d 930). In any event, the court promptly sustained the defendant's objection and struck the testimony in question. Given these facts, it cannot be said that the court improvidently exercised its discretion in denying the defendant's mistrial motion *(see, People v Santiago,* 52 NY2d 865; *People v Smith,* 181 AD2d 701).

We have examined the defendant's assertion that his sentence was excessive and find it to be without merit in light of his criminal history. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.