■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. DAVIDSON, JR., Appellant. [602 NYS2d 931] —Appeals by the defendant from two judgments of the County Court, Suffolk County (Mallon, J.), both rendered October 10, 1989, convicting him of sexual abuse in the first degree (two counts) and endangering the welfare of a child, under Indictment No. 1507/87, and sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, under Indictment No. 135/89, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's protestations, we find that he was accorded meaningful representation. The standard of review in assessing ineffective assistance of trial counsel is whether, under the totality of circumstances, defense counsel provided meaningful representation. Mere losing tactics must not be confused with ineffectiveness and a contention of ineffective assistance of trial counsel requires proof of less than meaningful representation rather than simple disagreement with strategies and tactics *(see, People v Rivera,* 71 NY2d 705; *People v Benn,* 68 NY2d 941; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394). Reversal is not warranted unless the defense counsel's ineptitude probably affected the outcome of the trial *(see, People v Daley,* 172 AD2d 619).

In this case, retained counsel made demands for discovery and filed appropriate pretrial motions; engaged in extensive voir dire of the prospective jurors; delivered a lengthy and passionate opening statement outlining the theory of the defense; made a successful *Sandoval* application; repeatedly advanced successful legal objections; extensively cross-examined witnesses and brought out inconsistencies; presented a substantial defense which included calling several witnesses including the defendant; moved to dismiss at the close of the People's case and at the end of the trial; successfully applied for dismissal of one count of the indictment; engaged in a pre-charge conference; and effectively summed up to the jury under a theory that the children had fabricated their stories

at the behest of their grandmother. Upon our review of the record, we find that the defendant was afforded meaningful representation.

The sentence imposed was not excessive. The defendant's remaining contentions are unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.