■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RIVERA, Appellant. [614 NYS2d 33] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered October 30, 1991, convicting him of murder in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder (Penal Law § 125.25 [2]) beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The record reveals that the defendant stabbed the unarmed decedent 13 times. Three of the stab wounds were to the decedent's chest. Two of these wounds were to the heart and were three to four inches deep while the third wound was to the lung and was five to six inches deep. Given the extent of the injuries and the number of stab wounds the defendant inflicted upon his victim, the jury could reasonably find that the defendant

evinced a depraved indifference to human life *(see, People v Applegate,* 176 AD2d 888; *People v Sosa,* 181 AD2d 532).

The defendant contends that the court's justification charge was erroneous because it included the instruction that he had the duty to retreat even though the altercation occurred in his dwelling *(see,* Penal Law § 35.15 [2]). However, defendant failed to object to these instructions at trial and thus has failed to preserve this claim for appellate review *(see,* CPL 470.05 [2]). In any event, although the court's charge was improper, this error does not warrant reversal in the interest of justice because the extreme violence of defendant's actions negates any claim that they were reasonably necessary to defend himself *(see,* Penal Law § 35.15 [1]). Accordingly, any error in this respect was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Contrary to the defendant's contention, he was accorded meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). The record reveals that defense counsel sought to suppress the defendant's pretrial statements to the police, that he vigorously cross-examined the People's witnesses, and that he put forward a coherent and reasonable defense. Indeed, the defendant was found not guilty of the count charging intentional murder *(see generally, People v Davidson,* 197 AD2d 701).

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.