■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DOCKERY, Appellant. [626 NYS2d 525] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 8, 1993, convicting him of robbery in the first degree (two counts), attempted rape in the first degree (two counts), sexual abuse in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of charges stemming from two separate incidents in which two 32-year-old women who were about the same size were attacked in their six-story apartment buildings, both of which were near the defendant's home. In each instance the offender met the victim in the lobby of her apartment building, held a door for her, joined her in the elevator, and pressed the button for the fifth floor. In both cases he declared in a quiet tone of voice, "I am going to rape you", and later threatened to return. In both cases, the assailant demanded money from the victim, and touched the victim with a weapon. The defendant contends, *inter alia,* that the jury should not have considered the similarities between the two incidents on the issue of the defendant's identity, since the incidents were not sufficiently distinctive to establish a modus operandi.

Notwithstanding the differences between the two cases, the foregoing facts show that the two cases were sufficiently alike to establish a modus operandi *(see, People v Beam,* 57 NY2d 241; *People v Jason,* 190 AD2d 689). Accordingly, the court

properly instructed the jury to consider the similarities between the two incidents on the issue of identity alone, and properly limited the potentially prejudicial effect of such instruction by so restricting the jury's use of the evidence. For the same reason, it was not error for the prosecutor to draw the jury's attention to the similarities between the two cases *(see, People v Jason, supra).*

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.