■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KELLER, Appellant. [626 NYS2d 822] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered May 7, 1993, convicting him of robbery in the first degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly allowed the introduction of evidence of the defendant's prior uncharged crimes on the issue of identity *(see, People v Molineux,* 168 NY 264), as the People established a modus operandi *(see, People v Beam,* 57 NY2d 241; *People v Jason,* 190 AD2d 689). In order to establish a modus operandi, "[i]t is not necessary that the pattern be ritualistic for it to be considered unique; it is sufficient that it be a pattern which is distinctive. This is not to say each

element of the pattern must be in and of itself unusual; rather the pattern, when viewed as a whole, must be [unique]" *(People v Beam,* 57 NY2d, at 253, *supra; People v Jason, supra).*

It is well established that a defendant has a statutory right to be present during the trial of an indictment *(see,* CPL 260.20). The defendant additionally has the right to be present "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" *(Snyder v Massachusetts,* 291 US 97, 105-106; *see also, People v Dokes,* 79 NY2d 656). Here, the hearing concerning the identification of a codefendant, conducted in the defendant's absence, did not substantially effect the defendant's ability to defend, and thus, did not constitute a violation of his right to be present at the material stages of trial.

The record does not demonstrate that the defendant was improperly deprived of *Brady* material at his trial *(see, Brady v Maryland,* 373 US 83).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.