■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MACK, Appellant. [653 NYS2d 933] —Appeal by the defendant (1) from three judgments of the Supreme Court, Queens County (Cooperman, J.), all rendered May 3, 1995, convicting him of robbery in the first degree under Indictment Nos. 5370/

93, 257/94 (two counts), and 258/94 (two counts), respectively, upon jury verdicts, and imposing sentences, and, (2) by permission, from an order of the same court, dated October 6, 1995, which denied his motion pursuant to CPL 440.10 to vacate the judgments.

Ordered that the judgments and the order are affirmed.

The defendant contends that the People failed to prove his guilt beyond a reasonable doubt because of the unreliability of the People's witnesses in identifying him. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant further contends that the trial court improperly joined the three indictments for trial. This contention is without merit, as not only were the indictments predicated on the same or similar statutory provisions *(see,* CPL 200.20 [2]; *People v Gardner,* 186 AD2d 818; *People v Edwards,* 160 AD2d 720), the robberies were of such a nature that proof of one was admissible as evidence-in-chief upon a trial of the others *(see,* CPL 200.20 [2] [b]). Because the defendant's identity was the primary issue at trial, the People are not precluded from attempting to identify the defendant as the culprit by proof of other crimes *(see, People v Condon,* 26 NY2d 139, 142), when accompanied by a sufficiently unique *modus operandi (see, People v Beam,* 57 NY2d 241; *People v Allweiss,* 48 NY2d 40; *People v Herrin,* 187 AD2d 670). The striking similarities between the three robberies committed provided a clear basis for the joinder of the three indictments in one trial.

The defendant further contends that the People failed to disclose exculpatory material *(see, Brady v Maryland,* 373 US 83), including material which impeaches the credibility of the prosecution witnesses *(see, United States v Bagley,* 473 US 667). This contention is without merit. After the verdict was rendered one of the People's witnesses, a police officer who had responded to the chase of the defendant on the day of his ap-

prehension, was arrested and charged with a crime unrelated to the defendant. Unknown to either the defendant or the prosecution at the time of trial, this officer was under investigation when he testified as to collateral matters concerning the defendant's arrest, primarily the vouchering of proceeds recovered from the escape vehicle and in the vicinity of the defendant's apprehension. The testimony provided by the officer, who was later indicted, was not material to the defendant's guilt and there is no reasonable probability *(see, People v Chin,* 67 NY2d 22; *People v Nedrick,* 166 AD2d 725) that had the defendant requested the disclosure *(see, People v Vilardi,* 76 NY2d 67) of such investigations and had the evidence been disclosed to the defendant, the result of the proceeding would have been different *(see, People v Baxley,* 84 NY2d 208; *People v Muniz,* 215 AD2d 881; *People v Alongi,* 131 AD2d 767). "The mere possibility that undisclosed evidence, which was not requested, might have helped the defense or affected the outcome of the trial does not establish materiality in the constitutional sense" *(People v Figueroa,* 213 AD2d 669, 670). The failure of the People to disclose a pending investigation of police corruption does not warrant reversal.

We find no merit to the defendant's claim that he was deprived of the effective assistance of trial counsel. In reviewing such a claim, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi,* 54 NY2d 137, 147; *see, People v Rivera,* 71 NY2d 705, 708; *People v Satterfield,* 66 NY2d 796, 798). Care must be taken to avoid confusing true ineffectiveness with mere losing tactics and "according undue significance to retrospective analysis" *(People v Baldi, supra,* at 146). The defense counsel moved to suppress the defendant's identification, prepared a trial strategy and pursued that strategy during cross-examination of the People's witnesses, made a sound closing argument, and successfully obtained an acquittal on two of the charges against the defendant. That the strategy pursued did not result in an acquittal of all charges does not require the conclusion that the defense counsel was ineffective *(see, People v Baldi, supra,* at 146). The defendant has failed to demonstrate that any ineptitude by the defense counsel affected the outcome of the trial and, viewing the defense counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel *(see, People v Davidson,* 197 AD2d 701; *People v Finch,* 199 AD2d 278). Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.