■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADYMIR CAMPOS, Appellant. [722 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 4, 1998, convicting

him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant moved for a mistrial on the ground that the prosecutor failed to disclose exculpatory statements made by a prosecution witness. Although the trial court denied the motion, it instructed the jury to disregard the testimony of this witness in its entirety.

The prosecution has an affirmative duty to disclose evidence favorable to the defendant that is material to his or her guilt, including evidence that impeaches the credibility of prosecution witnesses (*see, Brady v Maryland,* 373 US 83; *People v Mack,* 235 AD2d 548). The failure of the prosecution to disclose such evidence does not require reversal, where, as here, there is no reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed (*see, People v Alongi,* 131 AD2d 767). In any event, failure to timely produce *Brady* material does not require a mistrial or dismissal if a less drastic remedy can cure any prejudice (*see, People v Lussier,* 205 AD2d 910). Here, the trial court's instructions to the jury cured any potential prejudice to the defendant.

The defendant's remaining contentions are without merit. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.