**Ronald MACK, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Superintendent, Respondent–Appellee.**

**Docket No. 01–2010.**

United States Court of Appeals, Second Circuit.

April 18, 2002.

Sally Wasserman, New York, NY, for Appellant.

Robin A. Forshaw, Assistant Solicitor General, (Eliot Spitzer, Attorney General, Caitlin J. Halligan, Solicitor General, Jo W. Faber, Assistant Attorney General, of counsel), State of New York, for Appellee.

Present OAKES, SACK and BRIGHT,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

The petitioner appeals from the district court's denial of his petition for habeas corpus relief from his May 3, 1995 convictions in New York Supreme Court, Queens County, on five counts of Robbery in the First Degree. The Certificate of Appealability issued by this Court limits the petitioner's appeal to the question "whether, under the applicable standard of review, appellant is entitled to habeas relief on his claim that the joinder of his indictments for trial deprived him of his right to due process."

The petitioner essentially advances two due process claims regarding the joinder of his indictments. His first claim is that the introduction of evidence of multiple crimes prejudiced him in the eyes of the jury by creating an impermissible inference of a criminal propensity.

The petitioner clearly raised this claim in his direct appeal in state court, and so it can serve as a basis for federal habeas relief only if the state court's decision was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

We find no inconsistency between the state court's adjudication of the petitioner's "impermissible inference" claim and the United States Supreme Court's due process jurisprudence. The Supreme Court has clearly established that the convenience of trying different crimes against the same person ... is a valid governmental interest," and therefore justified under the constitution. *Spencer v. Texas*, 385 U.S. 554, 562, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Where the jury learns of multiple crimes allegedly committed by a defendant, "[t]he defendants' interests are protected by limiting instructions ... and by the discretion residing with the trial judge to limit or forbid the admission of particularly prejudicial evidence even though admissible under an accepted rule of evidence." *Id.*

Both of these safeguards indicated by the Supreme Court were present in this case. First, the trial judge provided a limiting jury instruction. Although the petitioner argues that the instruction was inadequate, the Supreme Court has clearly established that the states are owed substantial deference in framing their rules of evidence, because "to say that the United

---

* Of the United States Court of Appeals for the    Eighth Circuit, sitting by designation.

States Constitution is infringed simply because ... limiting instructions [may be] inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal law, and would threaten other large areas of trial jurisprudence." *Spencer*, 385 U.S. at 562, 87 S.Ct. 648. For this reason, "the jury is expected to follow instructions in limiting ... evidence to its proper function," *id.*, and the New York courts were reasonable in holding that the instruction in the petitioner's trial was constitutionally sufficient. Second, New York law imposes a limitation on the introduction of otherwise admissible evidence in a consolidated trial: The evidence must be cross-admissible, which it is only if it reflects a distinctive *modus operandi*. *People v. Beam*, 57 N.Y.2d 241, 455 N.Y.2d 575, 579, 441 N.E.2d 1093 (1982). On the petitioner's direct appeal, the Appellate Division applied this requirement to the petitioner's case, and found that the "robberies [of which petitioner was convicted] were of such a nature that proof of one was admissible as evidence-in-chief upon a trial of the others. *People v. Mack*, 653 N.Y.S.2d 933, 235 A.D.2d 548, 549 (2d Dep't 1997).[1] Nothing the petitioner has raised before this Court suggests that the Appellate Division's decision was incorrect as a matter of New York evidentiary law, or that New York's requirement of cross-admissibility is constitutionally inadequate under Supreme Court precedent. On the contrary, in the related context of joinder of indictments of multiple defendants in one trial, the Supreme Court has held that cross-admissibility of evidence is a key factor in assessing whether joinder negatively influenced the verdict. *United States v. Lane*, 474 U.S. 438, 450, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

The presence in the petitioner's case of both of the safeguards indicated in *Spencer v. Texas* demonstrates that the state courts' adjudication of his "impermissible inference claim was plainly reasonable under federal law as established by the Supreme Court.

■ The petitioner's second due process claim is that the jury in his trial became confused by the prosecution's presentation, in which the sequence of witnesses did not correspond to the chronology of the crimes, and the presentation regarding one crime did not end before evidence of another was introduced.

The petitioner failed to raise this claim before the state courts, and thus it was not adjudicated on the merits.

To satisfy the exhaustion requirement with respect to a particular legal claim, the petitioner must fairly present it to the State courts in order that our sister judicial system may have a fair opportunity to consider the claim and correct any constitutional defect in petitioner's conviction before recourse is sought in the federal courts.

A federal constitutional claim has not been fairly presented to the State courts unless the petitioner has informed those courts of all of the *essential factual allegations* and essentially the *same legal doctrine* he asserts in his federal petition. In other words, the claims presented by the petitioner to the State appellate courts must be the substantial

1. Although the Appellate Division's opinion explicitly mentions only the evidence regarding the robbery charges, we must assume that its finding of cross-admissibility also applied to the petitioner's weapons possession, reckless endangerment, and criminal use of a firearm charges. *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001). The petitioner contests this finding, but we need not review the Appellate Division's application of New York evidentiary law because the petitioner's acquittal on these other charges negates any inference of prejudice.

equivalent of the claims he raises in the federal habeas petition.

*Strogov v. Attorney Gen.*, 191 F.3d 188, 191 (2d Cir.1999) (internal quotation marks and citations omitted) (emphasis added). The relevant section of the petitioner's brief to the Appellate Division fails to mention the essential factual allegations of his jury confusion claim: the sequence of witnesses and the prosecution's summation. It also omits the essential legal allegations—the concept of jury confusion is mentioned in neither the brief itself nor in the three New York State cases it cites. The petitioner thus failed to give the Appellate Division "a fair opportunity to hear the claim" that he now raises before this Court. *Id.*

We also find that the petitioner procedurally defaulted on his jury confusion claim in state court. The petitioner has fully availed himself of all direct appeals in the New York State court system, and his jury confusion claim is not based on facts that first came to light after his direct appeal. *See* N.Y.C.P.L.R. § 440.10(c) (a criminal defendant procedurally defaults on a claim where "sufficient facts appear on the record" to support the claim but he or she unjustifiably fails to raise it on appeal).

Because the petitioner procedurally defaulted on his jury confusion claim, this Court may grant habeas relief on the basis of that claim only if the petitioner can show cause for his default. *See Coleman v. Thompson*, 501 U.S. 722, 746, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). But the petitioner's default was without cause—his argument is based on facts and constitutional claims that were fully available at the time of his direct appeal. Because the petitioner has failed to demonstrate cause, relief on this claim is unavailable now.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.