THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GARCIA, Appellant. [771 NYS2d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 26, 2000, convicting him of rape in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony concerning the complainant's recent outcry was properly admitted (*see People v Shelton,* 307 AD2d 370 [2003]). As to the hearsay conversation between the complainant and her co-worker, since the court struck the testimony, and the jury is presumed to have followed the court's instruction (*see People v Davis,* 58 NY2d 1102 [1983]), the defendant's contention that the introduction of this testimony constituted reversible error is without merit (*see People v Simpson,* 256 AD2d 205 [1998]; *see also People v Santiago,* 52 NY2d 865, 866 [1981]; *People v Sorgente,* 90 AD2d 559 [1982]). Moreover, the defendant cannot complain of the allegedly prejudicial conversation between the complainant and the defendant wherein the defendant reportedly stated that "nothing happened," since this statement was "fully compatible with [his] own version of the case" (*People v Messina,* 196 AD2d 557, 558 [1993]), i.e., that the alleged rape never took place. Additionally, the prosecutor was entitled to impeach the defense witness for bias or hostility by extrinsic evidence (*see People v Green,* 156 AD2d 465 [1989]) where the witness challenged the complainant's capacity for truthfulness.

The defendant's contention that the investigating detective's statement that he found the complainant to be credible constituted reversible error is without merit. This testimony was given in response to the defense counsel's inquiry on cross-examination as to whether the defendant's arrest was based primarily on the detective's conversation with the complainant, and the defense counsel incorporated the detective's response into his follow-up question. Moreover, the court's prompt instruction to the jurors that their assessment of the witnesses' credibility would be controlling served to dispel any prejudicial effect that the detective's statement might have had (*see People v Newby,* 291 AD2d 460 [2002]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), without merit, or do not require reversal. Altman, J.P., Krausman, Adams and Townes, JJ., concur.