**90** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SALTON, Appellant. [905 NYS2d 199]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered October 10, 2006, convicting him of rape in the first degree, robbery in the first degree, attempted rape in the first degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence at trial demonstrated that the two incidents for which he was charged were sufficiently alike and distinctive to establish a modus operandi (*see People v Beam*, 57 NY2d 241 [1982]; *People v Ramos*, 37 AD3d 740, 741 [2007]; *People v Dockery*, 215 AD2d 497 [1995]; *People v Jason*, 190 AD2d 689 [1993]). Accordingly, the prosecutor properly commented in her summation on the similarities between the two incidents (*see People v Ramos*, 37

AD3d 740 [2007]; *People v Dockery*, 215 AD2d 497 [1995]; *People v Jason*, 190 AD2d 689 [1993]).

While the defendant is correct that there were several instances where testimony by the prosecution's witnesses constituted implicit bolstering (*see People v Holt*, 67 NY2d 819, 821 [1986]; *People v Samuels*, 22 AD3d 507, 508 [2005]; *People v Fields*, 309 AD2d 945 [2003]; *People v Bacenet*, 297 AD2d 817, 818 [2002]), violation of the rule against bolstering does not constitute reversible error where, as here, "the evidence of identity is so strong that there is no serious issue upon that point" (*People v Fields*, 309 AD2d at 946; *see People v Bacenet*, 297 AD2d at 818).

The defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Specifically, there is no merit to his contention that defense counsel's failure to move to sever the charges as to the two incidents constituted ineffective assistance of counsel. "Since the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them" (*People v Salnave*, 41 AD3d 872, 873 [2007]; *see* CPL 200.20 [3]; *People v Bongarzone*, 69 NY2d 892, 895 [1987]; *People v Dayton*, 66 AD3d 797 [2009]; *People v Gaines*, 293 AD2d 550, 551 [2002]). As "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (*People v Caban*, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]), failure to make a motion to sever in this case did not result in a denial of effective assistance of counsel. For the same reason, contrary to the contention made by the defendant in his supplemental pro se brief, the failure to request a missing witness charge regarding the brother of one of the complainants did not constitute ineffective assistance of counsel (*see People v Savinon*, 100 NY2d 192, 196 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]).

While, contrary to the People's contention, the defendant's *Brady* claim (*see Brady v Maryland*, 373 US 83 [1963]) was preserved for appellate review (*see* CPL 470.05 [2]), the defendant failed to establish a *Brady* violation. "To establish a *Brady* violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (*People v Fuentes*, 12 NY3d 259, 263 [2009]; *see Strickler v Greene*, 527 US 263, 281-282 [1999]). "Absent a specific request by defendant for the document, materiality can

only be demonstrated by a showing that there is a 'reasonable probability' that it would have changed the outcome of the proceedings" (*People v Fuentes*, 12 NY3d at 263; *see People v Bryce*, 88 NY2d 124, 128 [1996]; *People v Vilardi*, 76 NY2d 67, 73 [1990]; *People v Campos*, 281 AD2d 638, 639 [2001]; *People v Bryant*, 247 AD2d 400, 401 [1998]; *People v Figueroa*, 213 AD2d 669 [1995]). "The mere possibility that undisclosed evidence, which was not requested, might have helped the defense or affected the outcome of the trial does not establish materiality in the constitutional sense" (*People v Figueroa*, 213 AD2d at 669-670; *see People v Mack*, 235 AD2d 548, 550 [1997]; *People v Alongi*, 131 AD2d 767, 768 [1987]).

Here, the subject evidence consisted of a reported statement by a nonwitness detective, who never met or spoke with either of the two complainants, to the effect that one of the complainants was a prostitute. A preliminary inquiry in the form of a telephone conversation with the detective revealed that the statement was "based on . . . speculation, and . . . lacked any probative value" (*People v Mitchell*, 10 AD3d 554, 555 [2004]). As such, not only was it largely inadmissible as hearsay (*see Cheul Soo Kang v Violante*, 60 AD3d 991, 991-992 [2009]), as well as precluded by the Rape Shield Law (*see* CPL 60.42), but the defendant also failed to demonstrate materiality, i.e., "that there [was] a 'reasonable probability' that [the evidence] would have changed the outcome of the proceedings" (*People v Fuentes*, 12 NY3d at 263; *see People v Bryce*, 88 NY2d at 128; *People v Vilardi*, 76 NY2d at 73; *People v Campos*, 281 AD2d at 639).

The defendant's remaining contention, raised in his supplemental pro se brief, is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Balkin, Belen and Lott, JJ., concur.