THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR WHITEHEAD, Appellant. [923 NYS2d 212]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered June 30, 2008, convicting him of scheme to defraud in the first degree, attempted grand larceny in the second degree, identity theft in the first degree (13 counts), and identity theft in the third degree (2 counts), upon a jury verdict, and sentencing him to an indeterminate term of 1⅓ to 4 years of imprisonment on the conviction of scheme to defraud in the first degree under count 1 of the indictment; indeterminate terms of 1 to 3 years of imprisonment on the convictions of identity theft in the first degree under counts 3 and 4 of the indictment, and a determinate term of one year of imprisonment on the conviction of identity theft in the third degree under count 6 of the indictment, to run concurrently with each other, and consecutively to the sentence imposed on count one of the indictment; an indeterminate term of 1 to 3 years of imprisonment on the conviction of identity theft in the first degree under count 10 of the indictment, to run consecutively to the sentences imposed on counts 1, 3, 4 and 6 of the indictment; an indeterminate term of 1 to 3 years of imprisonment on the conviction of identity theft in the first degree under count 12 of the indictment, to run consecutively to the sentences imposed on counts 1, 3, 4, 6 and 10 of the indictment; an indeterminate term of 1 to 3 years of imprisonment on the conviction of attempted grand larceny in the second degree under count 14 of the indictment, to run consecutively to the sentences imposed on counts 1, 3, 4, 6, 10 and 12 of the indictment; indeterminate terms of 1 to 3 years of

imprisonment on the convictions of identity theft in the first degree under counts 15 and 16 of the indictment, to run concurrently with each other, and consecutively to the sentences imposed on counts 1, 3, 4, 6, 10, 12 and 14 of the indictment; indeterminate terms of 1 to 3 years of imprisonment on the convictions of identity theft in the first degree under counts 19 and 20 of the indictment, and a determinate term of one year of imprisonment on the conviction of identity theft in the third degree under count 21 of the indictment, to run concurrently with each other, and consecutively to the sentences imposed on count 1, 3, 4, 6, 10, 12, 14, 15 and 16 of the indictment; indeterminate terms of 1 to 3 years of imprisonment on the convictions of identity theft in the first degree under counts 22 and 24 of the indictment, to run concurrently with each other, and consecutively to the sentences imposed on counts 1, 3, 4, 6, 10, 12, 14, 15, 16, 19, 20 and 21 of the indictment; an indeterminate term of 1 to 3 years of imprisonment on the conviction of identity theft in first degree under count 30 of the indictment, to run concurrently with the sentences imposed on counts 1, 3, 4, 6, 10, 12, 14, 15, 16, 19, 20, 21, 22 and 24 of the indictment; an indeterminate term of 1 to 3 years of imprisonment on the conviction of identity theft in first degree under count 36 of the indictment, to run concurrently with the sentences imposed on counts 1, 3, 4, 6, 10, 12, 14, 15, 16, 19, 20, 21, 22, 24 and 30 of the indictment; and an indeterminate term of 1 to 3 years of imprisonment on the conviction of identity theft in first degree under count 42 of the indictment, to run concurrently with the sentences imposed on counts 1, 3, 4, 6, 10, 12, 14, 15, 16, 19, 20, 21, 22, 24, 30 and 36 of the indictment.

Ordered that the judgment is modified, on the law, by (1) adding a provision thereto directing that the sentence for scheme to defraud in the first degree under count 1 of the indictment is to run concurrently with the sentences on all other counts, and (2) adding a provision thereto directing that the sentences for identity theft in the first degree under count 12 of the indictment and attempted grand larceny in the second degree under count 14 of the indictment run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly admitted testimony of certain uncharged crimes, as it was admitted to show a common scheme or plan, or the absence of mistake or accident, and the probative value of the evidence outweighed any possible prejudice (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Vails*, 43 NY2d 364, 368-369 [1977]; *People v Desir*, 285 AD2d 655 [2001]; *cf. People v Resek*, 3 NY3d 385 [2004]).

The County Court properly denied the defendant's motion for a mistrial on the ground that the People did not disclose that a witness failed to identify the defendant from a photograph shown to him by a detective. The prosecution has an affirmative duty to disclose evidence favorable to the defendant that is material to his or her guilt, including evidence that impeaches the credibility of prosecution witnesses (*see Brady v Maryland*, 373 US 83 [1963]; *People v Mack*, 235 AD2d 548 [1997]). However, the failure of the prosecution to disclose such evidence does not require reversal, where, as here, there is no reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed (*see People v Salton*, 74 AD3d 997 [2010]; *People v Alongi*, 131 AD2d 767 [1987]). In any event, failure to timely produce *Brady* material does not require a mistrial or dismissal if a less drastic remedy can cure any prejudice (*see People v Campos*, 281 AD2d 638 [2001]; *People v Lussier*, 205 AD2d 910 [1994], *cert denied* 513 US 1078 [1995]). Here, the County Court's ruling requiring the People to recall the witness so that he could be further cross-examined by defense counsel cured any potential prejudice to the defendant.

Any prejudice that might have arisen from the elicitation of testimony regarding a redacted portion of a particular exhibit, and a detective's testimony regarding the defendant's street name and a witness's agreement to testify, was alleviated when the County Court sustained the defense objections to the challenged testimony, struck the testimony, and issued prompt curative instructions to the jury (*see People v Santiago*, 52 NY2d 865 [1981]; *People v McNeil*, 77 AD3d 685 [2010]; *People v Jackson*, 59 AD3d 637 [2009]; *People v Garcia*, 4 AD3d 374 [2004]).

The defendant's contention that reversal of his conviction is required because of the County Court's failure to have a detective re-sworn before he continued his testimony on one trial date is without merit. The defendant's failure to object to the detective's unsworn testimony served to waive any argument that the testimony was not properly admitted (*see Matter of Brown v Ristich*, 36 NY2d 183, 189 [1975]).

The defendant asserts that his conviction of attempted grand larceny in the second degree must be reversed because the County Court submitted an annotated verdict sheet to the jury listing a statutory element of that crime. However, defense counsel explicitly stated that he had no objection to the verdict sheet and, thus, approved its submission to the jury (*see People v Angelo*, 88 NY2d 217 [1996]; *People v Damiano*, 87 NY2d 477 [1996]; *People v Spruill*, 245 AD2d 534 [1997]). Therefore, there was no error in submitting the verdict sheet to the jury.

The imposition of sentences to run consecutively to each other for the convictions under count 12 of the indictment, identity theft in the first degree, and count 14 of the indictment, attempted grand larceny in the second degree, was improper, as the defendant's attempt to steal a vehicle constituted attempted grand larceny in the second degree and was also a material element of identity theft in the first degree (see Penal Law § 190.80 [3]; *People v Laureano*, 87 NY2d 640, 643 [1996]). Thus, those sentences should run concurrently with each other. Further, the sentence on the conviction for scheme to defraud in the second degree should run concurrently with the sentences for all other counts of the indictment under which the defendant was found guilty because the other individual counts of the indictment comprised the scheme (see *People v Sanchez*, 195 AD2d 578 [1993], *mod* 84 NY2d 440 [1994]; *People v Pierre*, 157 AD2d 750 [1990]). As so modified, the sentence imposed is not excessive (see *People v Suitte*, 90 AD2d 80 [1982]). The defendant's remaining contentions regarding sentencing are without merit.

The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.