People v Hutson (2021 NY Slip Op 00967)





People v Hutson


2021 NY Slip Op 00967


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1015 KA 18-01045

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARTIE HUTSON, DEFENDANT-APPELLANT. 






JAY H. SCHWITZMAN, BROOKLYN, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), dated February 9, 2018. The order denied the motion of defendant to set aside his sentence pursuant to CPL 440.20 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals by permission of this Court pursuant to CPL 460.15 from an order denying his pro se motion pursuant to CPL 440.20 seeking, inter alia, to set aside his sentence imposed on March 15, 2013. According to defendant, the sentence imposed on the second count of the corresponding indictment, charging criminal possession of stolen property in the third degree (Penal Law § 165.50), must run concurrently with the sentence imposed on the first count of that indictment, charging scheme to defraud in the first degree (§ 190.65 [1] [b]), because the individual act of possessing the stolen merchandise at issue constitutes part of the scheme to defraud under the circumstances of this case (see e.g. People v Sanchez, 195 AD2d 578, 580 [2d Dept 1993], mod on other grounds 84 NY2d 440 [1994]; People v Whitehead, 84 AD3d 1128, 1131 [2d Dept 2011], lv denied 17 NY3d 823 [2011]; People v D'Anna, 163 AD2d 810, 810-811 [4th Dept 1990]). "[D]efendant's failure to provide a sufficient record precludes appellate review of his [contention]" (People v Thomas, 46 AD3d 712, 712-713 [2d Dept 2007], lv denied 10 NY3d 940 [2008], reconsideration denied 11 NY3d 742 [2008]; see generally Matter of Santoshia L., 202 AD2d 1027, 1028 [4th Dept 1994]).
We have reviewed defendant's remaining contentions and conclude
that none warrants modification or reversal of the order.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court