■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J., at identification hearing; Leon Becker, J., at jury trial and sentence), rendered June 14, 1988, convicting defendant of two counts of grand larceny in the fourth degree (Penal Law § 155.30) and sentencing him to consecutive, indeterminate terms of imprisonment of from 1½ to 3 years, unanimously affirmed.

We have examined the transcript of the identification hearing, and conclude that neither the photographic array nor the two lineups in which defendant participated was impermissibly suggestive. The record fails to reveal that anything was said to either of the complainants which would suggest that defendant was the suspect, or that the manner in which he was presented singled him out as such.

Defendant's claims that his photograph was unduly suggestive are equally without merit. He has not established that the photograph was discolored at the time of the photo array, and we are not persuaded that the presence of the height chart was of any significance in the identification.

We further reject the claim that the trial court abused its discretion or violated the law of the case when it ruled that defendant could be questioned about his out-of-State convictions. This ruling was within the province of the trial court (People v Sandoval, 34 NY2d 371, 374; People v Williams, 56 NY2d 236, 237) and we find, in any event, that the hearing court left open the question of whether the prosecutor could use defendant's out-of-State convictions.

Nor do we accept the claim that the number of past convictions that the prosecutor was permitted to use on cross-examination was excessive. Rather, we find that the Sandoval comprise utilized in this case established the proper balance between the probative worth of the evidence of prior criminal acts on the issue of defendant's credibility and the risk of unfair prejudice to him. (See, People v Sandoval, supra, at 375; People v Hicks, 88 AD2d 519.) We note, in this regard, that none of the cross-examination would have revealed the nature of the past crimes. (Cf., People v Bowles, 132 AD2d 465.)

Finally, we find that the trial court did not abuse its discretion in sentencing defendant to consecutive terms, given

his lengthy record of similar convictions. Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.