■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO CAGAN, Appellant.—Judgment, Supreme Court,

Bronx County (David Stadtmauer, J., at pretrial hearing; Joseph Mazur, J., at trial and sentence), rendered December 12, 1988, convicting defendant, after a jury trial, of robbery in the first degree and assault in the second degree, and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of from 7 to 14 years and 2½ to 5 years, respectively, unanimously affirmed.

On October 1, 1987, in the lobby of a housing project in Bronx County, the complainant was robbed by three individuals, including the defendant, who shot the complainant in the shoulder. The complainant identified defendant, known to him socially by the appellation "Ollie North", from a photo array. Subsequently, the complainant accompanied police officers on a search, and, without prompting, recognized defendant on the public sidewalk, whereupon defendant was placed under arrest.

Initially, we reject the argument that the photographic array was suggestive (People v Johnson, 159 AD 2d 377, lv denied 76 NY2d 790), noting that, in any event, the defendant was a previous acquaintance of the complainant, and that any suggestion in the array could not have tainted the identification.

There is no merit to defendant's argument that trial counsel was ineffective for failing to fully cross-examine prosecution witnesses, to subpoena crucial witnesses, and to move to reopen the suppression hearing upon receipt of Rosario (People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866) material on the eve of trial (People v Mackey, 155 AD2d 297). In spite of defendant's failure to raise these issues at trial (CPL 470.05 [2]), we note that neither the synopsis sheet nor the Grand Jury testimony of Officer Brideson constituted Rosario or Brady (Brady v Maryland, 373 US 83) material, and in any case, defendant has not demonstrated that he suffered prejudice by the People's failure to disclose this material until the eve of trial (People v Martinez, 71 NY2d 937, 940).

Finally, we decline to review defendant's pro se argument that the indictment should be dismissed pursuant to CPL 210.30, since defendant relies on records which have not been included as part of the record on appeal (Block v Nelson, 71 AD2d 509, 511). In any case, appellate review is not warranted since legally sufficient evidence was adduced at trial (CPL 210.30; People v Pelchat, 62 NY2d 97). We have considered the remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.