■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FIGUEROA, Appellant. [625 NYS2d 49] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 13, 1991, convicting him of murder in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts) under Indictment No. 12706/89, upon a jury verdict, and imposing sentence, (2) from an amended judgment of the same court, rendered March 13, 1991, revoking a sentence of probation previously imposed by the same court (Marano, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fourth degree under Indictment No. 9108/86, and (3) by permission, from an order of the same court, dated January 27, 1992 (Egitto, J.), which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction under Indictment No. 12706/89. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment, the amended judgment, and the order are affirmed.

We reject the defendant's contention that the People's failure to turn over a computer printout from the Greenpoint Men's Shelter, which would have allegedly shown that the prosecution's main witness to the shooting was in a shelter at the time of the crime, violated the principle of *Brady v Maryland* (373 US 83). In the instant case, where the evidence in question was not specifically requested by the defense, constitutional error occurs only if the undisclosed evidence was material in the sense that there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different *(see, People v Chin,* 67 NY2d 22, 33). The mere possibility that undisclosed evidence, which was not requested, might have helped the defense or affected the outcome of the trial does not establish materiality

in the constitutional sense (see, People v Vilardi, 76 NY2d 67, 76-77, n 5; People v Alongi, 131 AD2d 767, 768). In view of the strong evidence of the defendant's guilt, including the defendant's audiotaped and videotaped confession, there is no reasonable probability that the computer printout, the reliability of which is in serious question, would have resulted in an acquittal.

Furthermore, we find no Brady violation in the People's alleged failure to timely provide the defendant with a copy of the written record of information received by the police over a telephone hot-line. The evidence at issue was disclosed to the defense just prior to the pretrial hearing. Therefore, the defense was afforded an ample opportunity to utilize it effectively (see, People v Cortijo, 70 NY2d 868, 870; People v White, 178 AD2d 674, 675). There is no indication that an earlier disclosure would have had any effect on the outcome of the trial (see, People v Vilardi, supra, 76 NY2d 67).

Contrary to the defendant's contention the court properly admitted into evidence a photograph depicting the scene of the crime. The photograph was admitted to illustrate the testimony of the detective with respect to the location of physical and ballistics evidence. There is no indication that the photograph was admitted for the sole purpose of arousing the emotions of the jury (see, People v Wood, 79 NY2d 958, 960; People v Pobliner, 32 NY2d 356, 359, cert denied 416 US 905).

We decline to review the defendant's argument that Indictment No. 12706/89 should be dismissed pursuant to CPL 210.30, since the defendant relies on records which have not been included as part of the record on appeal (see, People v Cagan, 176 AD2d 478; People v Brooks, 163 AD2d 864). In any event appellate review is not warranted since the defendant was able to present his exculpatory evidence at trial (see, People v Isla, 96 AD2d 789, 790).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.