■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS MAKRINOS, Appellant. [641 NYS2d 321] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered August 23, 1994, convicting him of driving while intoxicated as a felony, and passing a red light, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to CPL 240.20 (1) (k), the defendant was entitled to pre-trial disclosure of any written report or document concerning the subject "intoxilyzer" test. However, while full compliance with the Criminal Procedure Law would have been helpful to the defendant in this case, it "would not have affected the verdict of the jury" (*People v Herrara,* 136 AD2d 567, 568). Accordingly, any error in this regard was harmless.

The defendant's contention that he was deprived of his right to the disclosure of exculpatory information and the right to confrontation due to the prosecution's failure to disclose a conversation he had with a police officer after the selection of the jury is without merit. Although the failure of the People to disclose the conversation was a violation of *Brady v Maryland* (373 US 83), the defense counsel did not request this information, and there was no "reasonable probability" that this error contributed to the verdict. Accordingly, vacatur of the defendant's judgment of conviction is not required (*see, People v Scott,* 216 AD2d 592; *People v Figueroa,* 213 AD2d 669).

The defendant's remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.