**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRYANT, Appellant.** [668 NYS2d 646] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Aiello, J.), dated June 2, 1995, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court, rendered January 28, 1985.

Ordered that the order is affirmed.

The defendant contends that the court was required to hold a hearing with respect to his claim that the prosecution withheld *Brady* material (*see, Brady v Maryland,* 373 US 83) at his trial. We conclude that the court's summary denial of the motion was proper (*see,* CPL 440.30 [4] [a]).

The defendant was convicted of the 1983 murder of a 56-year-old man, who died after being robbed and assaulted on the street by the defendant and five codefendants. The sole eyewitness to the incident, who worked in a nearby store, had seen the defendant in the neighborhood almost every day for at least two years and identified him as one of the culprits.

The defendant's motion to vacate the judgment was based on the 1994 affidavit of Nelson Alvarez, who had been incarcerated with one of the defendant's codefendants. In his affidavit, Alvarez claimed that he had assisted the police in their investigation of the defendant's crime in exchange for a promise of leniency on unrelated charges pending against him. Alvarez claimed that he lied when he told the police that the defendant had confessed to the murder and that he was under duress when he selected certain photographs, including that of the defendant, from a book of identification photographs. In addition, Alvarez stated that he had "committed [himself] to continuously prompt" the eyewitness that the persons Alvarez had selected from the book of identification photographs were indeed the perpetrators.

The Supreme Court properly determined that, since Alvarez did not testify at the trial, his credibility was not in issue, and therefore any promise of leniency he had received from the police in exchange for assisting in the investigation was not *Brady* material (*cf., People v Steadman,* 82 NY2d 1).

Alvarez's statement that he lied when he told the police that the defendant confessed to him did not constitute exculpatory evidence, i.e., evidence favorable to the defense, material either to guilt or punishment or affecting the credibility of prosecution witnesses (*see, People v Baxley,* 84 NY2d 208, 213). Alvarez was not a witness, and the People did not offer evidence of the defendant's alleged confession at the trial.

Alvarez's vague statement that he "committed" himself to prompt the eyewitness's identification of the defendant was not exculpatory evidence. Alvarez did not assert in his affidavit that he ever actually spoke to the eyewitness in order to carry out this "commitment" nor did Alvarez contradict evidence presented at the *Wade* hearing that the investigating detective was the only other person present when the eyewitness identified the defendant from the book of identification photographs.

Finally, assuming that Alvarez's statements regarding his role in the criminal investigation constituted *Brady* material, there was no specific request for this evidence, and reversal is required "only if the undisclosed evidence was material in the sense that there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different" (*People v Figueroa*, 213 AD2d 669; *see also, People v Vilardi*, 76 NY2d 67, 72). In view of the evidence that the eyewitness saw the entire incident and knew the defendant from the neighborhood, there is no reasonable probability that this evidence would have resulted in a different verdict. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.