■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MURDOUGH, Appellant. [733 NYS2d 78] —Motion by the appellant for reargument of an appeal from a judgment of the County Court, Westchester County, rendered July 14, 1999, which was determined by decision and order of this Court dated December 18, 2000 (278 AD2d 434).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and the decision and order of this Court dated December 18, 2000, is recalled and vacated, and the following is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered July 14, 1999, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of an armed robbery of a fellow employee who had cashed the paychecks of other employees at a bank in order to disburse their wages to them in cash. From his place of employment, the defendant alerted his two codefendants that the complainant was on her way to the bank.

The codefendants accosted the complainant as she left the bank and took the cash payroll from her. One of the codefendants was armed with a handgun.

Contrary to the defendant's contention, the People were not required to prove, as an element of robbery in the first degree (*see,* Penal Law § 160.15 [4]), that the defendant shared the intent of his codefendant to perpetrate the robbery while armed with a deadly weapon (*see, People v Gage,* 259 AD2d 837; *cf., Matter of Angel V.,* 247 AD2d 343; *People v Mitchell,* 235 AD2d 321, 322; *People v Pagan,* 227 AD2d 133). The defendant's guilt of robbery in the first degree is predicated upon the forcible taking of property, coupled with the aggravating factor of a participant in the crime being armed with a deadly weapon (*see,* Penal Law § 160.15 [4]). It does not matter which participant engages in the aggravating factor (*see, People v Miller,* 87 NY2d 211; *People v Gage, supra; Matter of Angel V., supra*). Thus, the lack of proof of the defendant's knowledge that a gun would be used is immaterial.

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, Goldstein and Smith, JJ., concur.