■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GARCIA, Appellant. [753 NYS2d 754] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 3, 2000, convicting him of robbery

in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the verdict of guilt with respect to his conviction of robbery in the first degree was against the weight of the evidence. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of robbery in the first degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The totality of the circumstances indicated that the defendant's statements were knowingly, intelligently, and voluntarily made (*see People v Williams*, 62 NY2d 285).

Contrary to the defendant's contention, the trial court did not err in charging the jury, with respect to the count of robbery in the first degree, that the People were not required to prove that the defendant knew that another participant was armed with a deadly weapon. The defendant's guilt of robbery in the first degree was predicated upon the forcible taking of property, coupled with the aggravating factor of a participant in the crime being armed with a deadly weapon (*see* Penal Law § 160.15 [2]). Thus, the lack of proof of the defendant's knowledge that a gun would be used was immaterial (*see People v Miller*, 87 NY2d 211; *People v Murdough*, 287 AD2d 658).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.