■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CRUZ, Appellant. [765 NYS2d 508] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered March 8, 2001, convicting defendant, after a jury trial, of robbery in the first degree (three counts), burglary in the second degree and criminal use of a firearm in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12 years, unanimously affirmed.

When instructing the jury on the issue of acting in concert in this trial involving charges of robbery in the first and second

degrees, the trial court properly rejected defendant's request to instruct the jury on the subject of accessorial liability for different degrees of a crime, as set forth in Penal Law § 20.15. Such an instruction would have had no applicability to the facts, and would have tended to confuse or mislead the jury.

The aggravating factor elevating the crime to robbery in the first degree was the fact that defendant's companion, "another participant in the crime," was armed with a deadly weapon (Penal Law § 160.15 [2]). This is a factor "to which a culpable mental state does not ordinarily attach" (*People v Mitchell*, 77 NY2d 624, 627 [1991]; *see also People v Miller*, 87 NY2d 211 [1995]; *compare People v Castro*, 55 NY2d 972 [1982]). The People were not required to prove that defendant knew his companion was armed with a deadly weapon (*People v Pagan*, 227 AD2d 133 [1996], *lv denied* 88 NY2d 991 [1996]), although the inference that defendant had such knowledge is inescapable in any event. Accordingly, there was no reason to instruct the jury on Penal Law § 20.15. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.