THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HOWARD, Appellant. [806 NYS2d 699]—

Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated September 11, 2000 (*People v Howard*, 275 AD2d 721 [2000]), affirming a judgment of the Supreme Court, Westchester County, rendered September 28, 1998, on the ground of ineffective assistance of appellate counsel. By decision and order of this Court dated December 29, 2003, the appellant was granted leave to serve and file a brief on the issue of whether his convictions of criminal use of a firearm in the first degree, criminal possession of a weapon in the first degree, and criminal possession of a weapon in the second degree were supported by legally sufficient evidence, and the application was held in abeyance in the interim. The parties have now filed their respective briefs.

Ordered that the application is denied.

On this application for a writ of error coram nobis, the appellant contends that appellate counsel's failure to raise the claim that the appellant's convictions of criminal use of a firearm in the first degree, criminal possession of a weapon in the first degree, and criminal possession of a weapon in the second degree were not supported by legally sufficient evidence constituted ineffective assistance of counsel. The appellant's convictions stem from a May 1997 robbery of a 24-hour grocery/deli in New Rochelle during which the storekeeper was shot and killed by one of the appellant's accomplices. The appellant contends that the evidence was legally insufficient for the jury to infer

that he knew the accomplice possessed a gun and intended to use it and, thus, the appellant lacked the requisite mens rea to support the convictions. The appellant relies, inter alia, on statements he gave to the police while being questioned in connection with investigation of the incident and his testimony at trial, in which he asserted his lack of knowledge of the gun. The appellant also argues that appellate counsel's failure to raise the claim that the appellant's convictions of robbery in the first degree and robbery in the second degree were not supported by legally sufficient evidence constituted ineffective assistance of appellate counsel on the same ground.

As a preliminary matter, this Court granted leave to the appellant to serve and file a brief only with respect to the claim that the weapons convictions were not supported by legally sufficient evidence and not with respect to the claim that the robbery convictions were not supported by legally sufficient evidence. The appellant's knowledge about his accomplice's possession of, and intent to use, a gun during the robbery was not relevant to the robbery convictions, as the People were not required to prove that the appellant knew that another participant was armed with a deadly weapon in order to convict the appellant of the robbery charges (*see People v Garcia*, 302 AD2d 474, 475 [2003]).

The appellant's contention that appellate counsel's failure to raise the claim that the appellant's convictions of the weapon charges were not supported by legally sufficient evidence constituted ineffective assistance of counsel is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient for the jury to infer that the appellant knew of his accomplice's possession of the gun and shared his accomplice's mens rea and, therefore, was equally liable for the acts committed by the accomplice (*see* Penal Law § 20.00; *People v Whatley*, 69 NY2d 784, 785 [1987]; *People v Knight*, 192 AD2d 676 [1993]). S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.