■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FOSTER, Appellant. [826 NYS2d 288]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered June 15, 2004, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (*see People v Alexander,* 97 NY2d 482, 485 [2002]). The record amply supports the court's determination that the defendant knowingly, voluntarily, and intelligently waived his rights by pleading guilty, and that he made a full factual allocution admitting his guilt of the charged offense (*see People v Doherty,* 134 AD2d 513 [1987]). Contrary to the defendant's contention, his plea allocution was sufficient to establish his guilt of robbery in the first degree without an admission that he was aware that his accomplices were armed with deadly weapons. The defendant's guilt is predicated upon the forcible taking of property, coupled with the aggravating factor of any participant in the crime being armed with a deadly weapon (*see* Penal Law § 160.15 [2]; *People v Miller,* 87 NY2d 211, 216-217 [1995]). Accordingly, the defendant's knowledge that an accomplice was armed with a deadly weapon is not an element of robbery in the first degree (*see People v Howard,* 24 AD3d 798 [2005]; *People v Garcia,* 302 AD2d 474 [2003]; *People v Murdough,* 287 AD2d 658 [2001]).

Viewing the record as a whole, we find that the defendant was afforded meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Ford,* 86 NY2d 397, 404 [1995]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.