■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MOORE, Respondent. [843 NYS2d 102]—

Appeal by the People from an amended order of the Supreme Court, Kings County (Douglass, J.), entered November 16, 2005, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Bourgeois, J.), rendered November 27, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the amended order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment is denied, the judgment is reinstated, and the matter is remitted to the Supreme Court, Kings County, which upon at least two days notice to the defendant and his attorney, shall promptly direct the defendant to surrender himself to the court in order that execution of the judgment may resume.

The hearing court erred in granting the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. One of the People's witnesses at the defendant's trial, John Cortez, was being prosecuted in an unrelated criminal proceeding. The People failed to inform the defendant of a promise to apprise the Assistant District Attorney prosecuting Cortez of his cooperation with respect to the defendant's trial (*see People v Novoa,* 70 NY2d 490, 496-497 [1987]). However, the failure to disclose information not specifically requested by the defense does not warrant vacatur of the judgment of conviction unless there is a "reasonable probability" that the outcome of the trial was affected by the lack of disclosure (*see People v Vilardi,* 76 NY2d 67, 73-75 [1990]; *People v Bryant,* 247 AD2d 400, 401 [1998]; *People v Figueroa,* 213 AD2d 669, 669-670 [1995]; *People v Nedrick,* 166 AD2d 725, 727 [1990]). In view of the strong evidence of the defendant's guilt, including the consistent testimony of four witnesses other than Cortez who observed the shooting of the victim or the events which immediately preceded or followed it, there is no reasonable probability that the

disclosure of the People's agreement to inform the Assistant District Attorney prosecuting Cortez of Cortez's cooperation would have resulted in the defendant's acquittal (*see People v Figueroa*, 213 AD2d 669, 670 [1995]; *cf. People v Wright*, 86 NY2d 591, 596-597 [1995]).

Accordingly, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction should have been denied. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.