THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MURAD, Appellant. [865 NYS2d 331]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Peck, J.), rendered August 14, 2006, convicting him of robbery in the first degree, robbery in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in its instructions to the jury regarding the lack of materiality of the defendant's knowledge of whether an accomplice was in possession of, and intended to threaten the victim with, a knife in the commission of the robbery. Where a defendant's guilt of robbery in the first degree "is predicated upon the forcible taking of property, coupled with the aggravating factor of any participant in the crime being armed with a deadly weapon . . . the defendant's knowledge that an accomplice was armed with a deadly weapon is not an element of robbery in the first degree" (*People v Foster*, 33 AD3d 814 [2006]; *see People v Garcia*, 302 AD2d 474, 475 [2003]; *People v Murdough*, 287 AD2d 658, 659 [2001]). In such a case, "lack of proof of the defendant's knowledge that a [deadly weapon] would be used was immaterial" (*People v Garcia*, 302 AD2d at 475; *see People v Murdough*, 287 AD2d at 659). Accordingly, the

court correctly instructed the jurors that if they found, beyond a reasonable doubt, that the defendant "had the mental culpability required for the commission of the crime of robbery, which is forcibly stealing," and that "another person involved in this crime of robbery use[d] or threaten[ed] the immediate use of a dangerous instrument," they should find the defendant guilty, "even if [the defendant] did not know a dangerous instrument was to be used."

Likewise, there is no merit to the defendant's contention that the court erred in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]). "[T]he extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court" (*People v Carrasquillo*, 204 AD2d 735, 735 [1994]; *see People v Bennette*, 56 NY2d 142, 146 [1982]; *People v Johnston*, 186 AD2d 822 [1992]). Here, the trial court's *Sandoval* compromise permitting the People to inquire only whether the defendant had been convicted of a nonviolent felony outside the jurisdiction of the State of New York, but precluding any questioning about the underlying facts, avoided any undue prejudice to the defendant and represented a provident exercise of the court's discretion (*see People v Jamison*, 303 AD2d 603 [2003]; *People v Carrasquillo*, 204 AD2d at 735; *People v Ricks*, 135 AD2d 844, 845 [1987]; *People v Scott*, 118 AD2d 881, 882 [1986]).

The defendant's claim that the court should have set forth its reasoning and the balancing process in which it engaged in reaching the *Sandoval* ruling is not preserved for appellate review. In any event, "[o]ur law does not require the application of any particular balancing process in *Sandoval* determinations . . . Similarly, an exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (*People v Walker*, 83 NY2d 455, 459 [1994] [internal quotation marks and citations omitted]; *see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Ellis*, 183 AD2d 534, 535 [1992], *affd* 81 NY2d 854 [1993]).

The defendant's contention that certain oral statements he made at the time of his arrest should have been suppressed is academic in light of the fact that those statements were not introduced at trial (*see People v Menendez*, 50 AD3d 1061 [2008], *lv denied* 10 NY3d 937 [2008]; *People v Nevins*, 16 AD3d 1046 [2005], *cert denied* 548 US 911 [2006]; *People v Musmacher*, 133 AD2d 352, 353 [1987]).

The record reveals that the defendant was provided with effective assistance of counsel throughout the proceedings (*see*

*People v Caban*, 5 NY3d 143, 152 [2005]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Benevento*, 91 NY2d 708 [1998]).

The defendant's *Brady* argument (*see Brady v Maryland*, 373 US 83 [1963]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Higgins*, 298 AD2d 529, 530 [2002]) and, in any event, is without merit (*see People v Vilardi*, 76 NY2d 67, 73 [1990]; *People v Moore*, 43 AD3d 1085 [2007]; *People v Bryant*, 247 AD2d 400, 401 [1998]; *People v Figueroa*, 213 AD2d 669 [1995]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). There is no merit to the defendant's contention that, because his sentence for robbery in the first degree is seven years, instead of the five years imposed on his codefendants as part of their plea bargain, he was penalized for choosing to exercise his right to go to trial. "It is not now to be questioned that a State may encourage a guilty plea by offering substantial benefits, notwithstanding the fact that every such instance is bound to have the concomitant effect of discouraging a defendant's assertion of his trial rights. Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981] [citations omitted]; *see Corbitt v New Jersey*, 439 US 212, 219-221 [1978]; *Bordenkircher v Hayes*, 434 US 357, 364 [1978]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.