518

A defendant is not entitled to a lineup in which the fillers are "nearly identical" to him (*People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). However, a lineup is unduly suggestive when only the defendant matches a key aspect of the description of the perpetrator provided by a witness or witnesses (*see Foster v California*, 394 US 440, 441-443 [1969]; *People v Owens*, 74 NY2d 677, 678 [1989]).

Defendant was charged with two robberies that occurred on the same morning. The witnesses to the robberies described the driver of the getaway car, respectively, as "a huge, big, fat, black guy," "a real big, real huge black guy," and "very heavy-set [and] large."

A review of the lineup photograph reveals that defendant, who weighed 400 pounds, was the only participant who fits these descriptions. Although the fillers were large men, there was a very noticeable weight difference between defendant and the fillers. While the lineup participants were seated, and this can sometimes satisfactorily minimize differences in weight, it is clear from the photo that there was a marked difference between defendant and the fillers.

We do not mean to suggest that the police are obligated to find grossly overweight fillers when dealing with the situation presented here, and we recognize the practical difficulties that would be involved in doing so. Instead, this situation would call for the use of some kind of covering to conceal the weight difference (*see e.g. People v Murphy*, 1 AD3d 184 [2003], *lv denied* 4 NY3d 801 [2005]).

There is a reasonable possibility that the tainted testimony of the witnesses to the first robbery contributed to defendant's conviction of the second. Therefore, a new trial is required as to

the second robbery as well. Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ.

SECOND DEPARTMENT, AUGUST, 2011

(August 2, 2011)

■ CHRISTOPHER BYRNES et al., Plaintiffs, v ST. LUKE's CORNWALL HOSPITAL, Defendant/Third-Party Plaintiff-Respondent, and RANDAZZO's LANDSCAPING, INC., Defendant/Third-Party Defendant-Appellant. [927 NYS2d 800]—

The plaintiff Christopher Byrnes allegedly slipped and fell on a sheet of ice in the parking lot of the defendant/third-party plaintiff, St. Luke's Cornwall Hospital (hereinafter the hospital). The defendant/third-party defendant, Randazzo's Landscaping, Inc. (hereinafter Randazzo), was a contractor hired to perform snow removal services for the hospital. After the plaintiffs commenced the instant action against the hospital and Randazzo, the hospital cross-claimed against Randazzo for contribution and contractual indemnification. After summary judgment was awarded to Randazzo, inter alia, dismissing those cross claims, the hospital commenced a third-party action against Randazzo, seeking common-law indemnification. Randazzo moved, among other things, for summary judgment dismissing the third-party complaint, and the Supreme Court denied the motion. We affirm insofar as appealed from.

Randazzo failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party complaint. Triable issues of fact exist as to whether it failed to salt or sand the parking lot after plowing was completed, as required under its snow removal contract with the hospital, and, if so, whether its failure to do so was the sole cause of the injured plaintiff's accident (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 216 [2010]; *Wheaton v East End Commons Assoc.*,