■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY PERRY, Appellant. [18 NYS3d 539]—

Judgment, Supreme Court, New York County (Renee A. White, J., at suppression hearing; Daniel P. Conviser, J., at jury trial and sentencing), rendered December 3, 2013, as amended December 16, 2013, convicting defendant of robbery in the third degree and fraudulent accosting, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously reversed, on the law, defendant's motion to suppress photo and lineup identifications granted, and the matter remanded for a new trial preceded by an independent source hearing.

The complainant described the perpetrator of the alleged robbery as having one distinctive physical feature: a "deformed right eye" which "appeared to be something further into his head." At the suppression hearing, the detective who prepared a photo array and a postarrest lineup testified that, in each instance, defendant was the only participant who had an "apparently defective eye." Under the circumstances, we find that the photo array and lineup were unduly suggestive because "only the defendant matche[d] a key aspect of the description of the perpetrator," namely, a deformed right eye (*People v Kenley*, 87 AD3d 518, 518 [1st Dept 2011], *lv dismissed* 18 NY3d 959 [2012]). While we recognize the practical difficulties in finding fillers with similarly defective eyes, or photographs of such persons, "[a] simple eye patch provided to each of the lineup participants or a hand over an eye would have sufficed to remove any undue suggestiveness of the procedure" (*People v Tatum*, 129 Misc 2d 196, 204 [Sup Ct, Queens County 1985]; *see also Kenley*, 87 AD3d at 518), and similar measures could have been taken with regard to the photos.

In light of this disposition, we do not reach any of defendant's other arguments, except that we find that the verdict was not against the weight of the evidence. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.