■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARON FINGALL, Appellant. [24 NYS3d 704]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered January 24, 2013, convicting him of robbery in the first degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in failing to suppress the lineup identification testimony. While "the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the

crimes charged" (*People v Jean-Baptiste*, 57 AD3d 566, 566 [2008]), "[t]here is no requirement . . . that a defendant in a lineup be surrounded by people nearly identical in appearance" (*People v Chipp*, 75 NY2d 327, 336 [1990]; *see People v Moore*, 118 AD3d 916, 918 [2014]; *People v Cintron*, 226 AD2d 390, 390-391 [1996]). Here, the photographs taken of the lineup reveal that the fillers sufficiently resembled the defendant. Any differences in height and weight were minimized by the fact that the participants were seated and holding number cards in front of their torsos (*see People v Moore*, 118 AD3d at 918; *People v Brown*, 47 AD3d 826, 827 [2008]; *People v Shaw*, 251 AD2d 686 [1998]). More than that was not required here (*cf. People v Kenley*, 87 AD3d 518 [2011]).

The defendant's contention that the testimony of a police detective implicitly bolstered the complainant's identification of the defendant from a lineup is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit, as the detective merely testified that he handed the identifying witness a certain form to fill out after viewing the lineup, and did not indicate how the witness filled out the form, or what action, if any, was taken after the form was filled out (*cf. People v Rankins*, 81 AD3d 857, 858 [2011]; *People v Nesbitt*, 77 AD3d 854, 855 [2010]; *People v Clark*, 28 AD3d 785, 786 [2006]; *People v Fields*, 309 AD2d 945 [2003]). Accordingly, the testimony did not provide official confirmation of the complainant's identification of the defendant so as to constitute implicit bolstering.

Finally, we find unpersuasive the defendant's contention that the trial court should have instructed the jury on Penal Law § 20.15 with respect to the count of robbery in the first degree, on a theory of accomplice liability for another perpetrator's display of an operable firearm (*see* Penal Law § 160.15 [4]). Penal Law § 20.15, requiring proof of the "culpable mental state" of an accomplice, does not apply to the aggravating circumstances of robbery in the first degree (*see* Penal Law §§ 20.15, 160.15; *People v Fullan*, 92 NY2d 690, 693 [1999]; *People v Miller*, 87 NY2d 211 [1995]; *People v Murad*, 55 AD3d 754 [2008]; *People v Cruz*, 309 AD2d 564 [2003]; *People v Garcia*, 302 AD2d 474 [2003]). The court properly instructed the jurors that the prosecution was not required to prove that the defendant had prior knowledge of another perpetrator's intent to display an operable firearm, because such knowledge was not an element of robbery in the first degree (*see People v Murad*, 55 AD3d at 754; *People v Cruz*, 309 AD2d at 565; *People v Garcia*, 302 AD2d at 475). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.