People v Sulayman (2022 NY Slip Op 04132)

People v Sulayman

2022 NY Slip Op 04132

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Ind. No. 3221/14 Appeal No. 16214 Case No. 2019-1026 

[*1]The People of the State of New York, Respondent,
v
Jassey Sulayman, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J. at suppression hearing; Mark Dwyer, J. at jury trial and sentencing), rendered September 20, 2016, convicting defendant of robbery in the first degree and grand larceny in the fourth degree (three counts), and sentencing him to an aggregate term of 11 years, unanimously reversed, on the law, defendant's motion to suppress a photo identification granted, and the matter remanded for a new trial preceded by an independent source hearing.
The hearing court should have granted defendant's motion to suppress the victim's identification of defendant in a photo array. The photo array was unduly suggestive because defendant was the only person shown wearing "distinctive clothing . . .which fit the description" of the suspect (People v Owens, 74 NY2d 677, 678 [1989]). Moreover, the distinctive clothing was an outstanding feature of the identifying witness's description of the robber (see Raheem v Kelly, 257 F3d 122, 137 [2d Cir 2001], cert denied sub nom. Donnelly v Raheem, 534 US 1118 [2002]). The victim told the police that he "fixated" on the "unusual shirt" the r0bber was wearing during the incident, a white shirt with a distinctive black design. In the photo array, the visible part of defendant's shirt closely matched the robber's shirt as described by the victim. The fillers, on the other hand, all wore shirts that, to the extent visible in the photos, were solid-colored shirts without any markings or designs.
Accordingly, defendant is entitled to a new trial, preceded by an independent source hearing (see e.g. People v Perry, 133 AD3d 410 [1st Dept 2015], lv denied 26 NY3d 1148 [2016]). In light of this disposition, we do not reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022