People v Dunaway (2022 NY Slip Op 04735)

People v Dunaway

2022 NY Slip Op 04735

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-01645
 (Ind. No. 9555/16)

[*1]The People of the State of New York, respondent,
v
Raheem Dunaway, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Paul Hastings LLP [Jessica Montes], of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Hedy Konviser, J.), rendered January 9, 2019, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged, there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance" (People v Baez, 172 AD3d 893, 893 [citation and internal quotation marks omitted]; see People v Chipp, 75 NY2d 327, 335). "An age discrepancy between a defendant and the fillers in a lineup, without more, is not sufficient to create a substantial likelihood that the defendant would be singled out for identification" (People v Jackson, 98 NY2d 555, 559 [internal quotation marks omitted]).
Here, the defendant did not establish that the lineup identification procedures were unduly suggestive, as the fillers sufficiently resembled him (see People v Chipp, 75 NY2d at 335). The photographs taken of the lineup reflect that the age disparities between the defendant and two of the fillers resulted in minimal visible differences between the defendant and these individuals and did not orient the viewer toward the defendant as the perpetrator of the crimes charged (see People v Jackson, 98 NY2d at 559; People v Dorcil, 194 AD3d 1069, 1070). Moreover, the police took reasonable steps to conceal the difference in weight between the defendant and the fillers, including placing all of the participants in matching hats and hospital gowns, placing large sheets over the laps of the participants, and placing folders with the position numbers in front of the participants' torsos (see People v Baez, 172 AD3d at 894; People v Fingall, 136 AD3d 622, 622-623). These steps were sufficient to minimize the discrepancy in the weights of the participants in this lineup (see People v Benshitrit, 185 AD3d 1046, 1047-1048; People v Baez, 172 AD3d at 894; People v Fingall, 136 AD3d at 622-623; People v Greene, 33 AD3d 936, 937). Accordingly, the lineup identification [*2]procedures were not unduly suggestive, and the People were not required to establish independent sources for the witnesses' in-court identifications (see People v Chipp, 75 NY2d at 335).
The defendant contends that he was deprived of due process and a fair trial by the Supreme Court's erroneous admission of a 911 recording under the excited utterance and present sense impression exceptions to the hearsay rule. "A spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant is an exception to the prohibition on hearsay" (People v Cummings, 31 NY3d 204, 209 [internal quotation marks omitted]). "Present sense impression declarations . . . are descriptions of events made by a person who is perceiving the event as it is unfolding" (People v Portious, 201 AD3d 820, 821 [internal quotation marks omitted]). For a statement to qualify as an excited utterance, "it must be inferable that the declarant had an opportunity to observe personally the event described in the [spontaneous] declaration" (People v Cummings, 31 NY3d at 209 [internal quotation marks omitted]). Here, the People laid a proper foundation for the admission of a recording of a 911 call into evidence under the excited utterance and present sense impression exceptions to the prohibition on hearsay. Contrary to the defendant's contention, the People demonstrated that the witness had personally observed the subject events through her trial testimony that she had witnessed the defendant shooting the victim, which testimony was elicited before the recording was admitted into evidence (see id.; People v Pooler, 98 AD3d 751, 752; People v Richardson, 300 AD2d 13, 14).
The defendant failed to preserve for appellate review his arguments regarding the prosecutor's summation, as he either did not object to the subject remarks or made one word objections that were based on different grounds than he raises on appeal (see CPL 470.05[2]; People v Lawson, 163 AD3d 996, 999). Moreover, where the Supreme Court gave curative instructions, the defendant did not object to the instructions or request additional instructions, and his post-summations motion for a mistrial was untimely and failed to preserve his contentions (see CPL 470.05; People v Lawson, 163 AD3d at 999-1000). In any event, the challenged remarks were largely proper as fair comments on the evidence and fair responses to the defense summation (see People v Young, 168 AD3d 771, 773). Any improper remarks were harmless error, "as there was overwhelming evidence of the defendant's guilt and no significant probability that any error in this regard might have contributed to the convictions" (People v Morel, 195 AD3d 946, 948). Additionally, any improper remarks, individually or cumulatively, were "not so egregious, flagrant, or pervasive as to have deprived the defendant of a fair trial" (People v Young, 168 AD3d at 773).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
"A presumption of regularity attaches to judicial proceedings" (People v Velasquez, 1 NY3d 44, 48). "This presumption may be overcome only by substantial evidence" (id. at 48). "CPL 260.20 provides that a defendant must be personally present during the trial of an indictment" (id. at 47). "This statutory right extends to all material stages of the trial, including ancillary proceedings in which defendants' presence could have a substantial effect on their ability to defend against the charges" (id. [internal quotation marks omitted]; see People v Antommarchi, 80 NY2d 247, 250). "[A]n important factor in determining whether a defendant has a right to be present is the extent to which the particular proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (People v Rodriguez, 85 NY2d 586, 590-591 [internal quotation marks omitted]). "However, a defendant's presence is not required where the proceeding at issue involves only questions of law or procedure" (id. at 591; see People v Velasco, 77 NY2d 469, 472; People v Parker, 268 AD2d 304, 304-305).
Here, although the defendant did not waive his Antommarchi rights, he has not shown that the Supreme Court violated his right to be present at all material stages of trial. First, with respect to jury selection, the record does not reveal any discussions with potential jurors from which the defendant was excluded, and as such, the defendant has not rebutted the presumption of regularity with regard to voir dire (see People v Velasquez, 1 NY3d at 48). Furthermore, the remaining sidebar discussions to which the defendant contends he should have been privy related to questions of law that did not require his presence (see People v Rodriguez, 85 NY2d at 591; People v Velasco, 77 NY2d at 472; People v Parker, 268 AD2d at 304-305).
Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court