People v Miller (2023 NY Slip Op 06817)

People v Miller

2023 NY Slip Op 06817

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Ind. No. 4032/14 Appeal No. 1330 Case No. 2018-03496 

[*1]The People of the State of New York, Respondent,
v
Nate Miller, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at speedy trial motions; Anthony R. Ferrara, J., at jury trial; Ellen Biben, J., at sentencing), rendered December 1, 2017, convicting defendant of robbery in the first degree (two counts) and robbery in the second degree (six counts), and sentencing him to an aggregate term of six years, unanimously affirmed.
The court properly denied defendant's speedy trial motions. Defendant's challenges to the first three periods of delay at issue are unpreserved (see People v Beasley, 16 NY3d 289, 292-293 [2011]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The periods from December 10, 2014 to February 25, 2015, and November 10, 2015 to December 7, 2015, were excludable as reasonable time to prepare for hearings and trial after the court's rulings on defendant's omnibus motion and suppression motion (CPL 30.30[4][a]; see People v Davis, 80 AD3d 494, 494-495 [1st Dept 2011]). The period from October 7, 2015 to October 28, 2015 was excludable, notwithstanding the People's lack of readiness, because defendant's counsel was unable to appear as a result of being on trial in another matter and had requested the adjournment (CPL 30.30[4][f]; see People v Brown, 149 AD3d 584, 584 [1st Dept 2017], lv denied 29 NY3d 1124 [2017]).
As to defendant's challenge to the period of delay from February 25, 2016 to April 6, 2016, the court improperly found that time to be excludable on grounds of "exceptional circumstances" (CPL 30.30[4][g][i]). The People failed to show that they exercised the requisite due diligence to attempt to secure the appearance of the necessary witness (see People v Zirpola, 57 NY2d 706, 708 [1982]; People v Ricart, 153 AD3d 421, 422 [1st Dept 2017], appeal dismissed 31 NY3d 1074 [2018]). Nevertheless, only the 30-day adjournment requested by the prosecutor was chargeable to the People; the remainder of the adjourned period, requested by the codefendant's counsel, was excludable (see People v Brown, 28 NY3d 392, 404 [2016]). This raises the total chargeable days to 161, which still falls short of the 184 days necessary to qualify for dismissal (CPL 30.30[1][a]).
The verdict convicting defendant of first-degree robbery was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The evidence adduced at trial established that the codefendant was armed with a deadly weapon (metal knuckles) in the course of the commission of the robberies (Penal Law §§ 10.00[12], 160.15[2]), and the People were not required to prove that defendant knew that his codefendant was carrying the weapon (see People v Cruz, 309 AD2d 564, 565 [1st Dept 2003], lv denied 1 NY3d 570 [2003]). Accordingly, the court properly declined to instruct the jury on Penal Law § 20.15 (see id.).
Defendant did not preserve his contention that the prosecutor improperly advanced a speculative [*2]theory of liability on summation (CPL 470.05[2]), and we decline to address it in the interest of justice. As an alternative holding, we find that the challenged remarks constituted fair comment on the evidence and were reasonable inferences that may be drawn from the record (see People v Johnson, 76 AD3d 937 [1st Dept 2010], lv denied 15 NY3d 953 [2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023