People v Finley (2025 NY Slip Op 00667)

People v Finley

2025 NY Slip Op 00667

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-05814
 (Ind. No. 1319/20)

[*1]The People of the State of New York, respondent,
v
Robert Finley, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Jackson Deterding on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michelle A. Johnson, J.), rendered July 11, 2022, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arrested and charged with, among other things, assault in the first degree and criminal possession of a weapon in the third degree as a result of an unprovoked attack in which he hit the complainant over the head with a glass bottle and then "buried" the broken bottle into the complainant's face "with a lot of force," causing extensive facial injuries requiring approximately 150 stitches all over the complainant's face, loss of four teeth, and a "fracture of the left orbital port." After trial, a jury found the defendant guilty of assault in the first degree and criminal possession of a weapon in the third degree, and the defendant was thereafter sentenced. The defendant appeals.
The defendant contends that the evidence was legally insufficient to support his conviction of assault in the first degree because the evidence presented at trial failed to establish his identity as the perpetrator, that he acted with the intent to disfigure the complainant seriously, and that he caused such serious disfigurement. Contrary to the defendant's contentions, each of these arguments is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt (see People v Key, 223 AD3d 755, 755; People v Abellard, 212 AD3d 842, 842-843; People v Keating, 183 AD3d 595, 596-597). Additionally, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish that the defendant acted with intent to cause serious disfigurement to the complainant and that he did cause such serious disfigurement to the complainant's face (see People v Komynar, 210 AD3d 698, 699; People v Medor, 39 AD3d 362, 362; People v Walker, 30 AD3d 215, 215), which the jury observed during the trial (see People v McKinnon, 15 NY3d 311, 316; People v Jimenez, 155 AD3d 591, 591).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and [*2]observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his challenges to the prosecutor's summation remarks, as he either failed to object to such remarks or failed to request further relief after his objections were sustained and curative instructions provided (see CPL 470.05[2]; People v Dunaway, 207 AD3d 742, 744; People v Lawson, 163 AD3d 996, 999-1000). In any event, the remarks the defendant now challenges either constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom or were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Salcedo, 209 AD3d 678, 680; People v Almonte, 23 AD3d 392, 394). Moreover, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any improper remarks made by the prosecutor during summation contributed to the defendant's convictions (see People v Green, 223 AD3d 914, 915; People v Wu Long Chen, 210 AD3d 702, 703-704; People v Green-Faulkner, 189 AD3d 1070, 1072).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Dunaway, 207 AD3d at 744; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court